An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN ALLEN LANOUE,
Appellant,
vs.
THE STATE OF NEVADA
DEPARTMENT OF HUMAN
RESOURCES, WELFARE DIVISION;
AND KIM LEA MURPHY,
Respondents.

No. 64478



FILED

MAY 2 0 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying appellant's request for a blood test to determine paternity in a child support action. Eighth Judicial District Court, Family Court Division, Clark County; Gloria S. O'Malley, Judge.

Having considered the pro se appeal statement and the record on appeal, we conclude that the district court properly denied appellant's request for a blood test to determine paternity because paternity had already been established. NRS 126.223 (providing that if a man who is alleged to be the father of the subject child does not appear in the action to determine parentage, a default establishing the man as the child's father can be entered); NRS 126.161(1) (explaining that an order determining paternity is determinative for all purposes). To the extent appellant was challenging respondents' ability to have collected reimbursement from him for his child support obligation, a default order requiring appellant to reimburse respondent Nevada Department of Human Resources, Welfare Division for his child support obligation had been entered, and appellant never sought NRCP 60(b) relief from that order. *See* NRS 126.301 (allowing the court to proceed with an action to compel child support when

SUPREME COURT
OF
NEVADA

(O) 1947A

15-15446

the obligor is not present); *see also* NRS 425.3828(5) (providing that when an order is entered recommending a parent reimburse the Division for his or her child support obligation to a custodial parent receiving public assistance after the obligor parent fails to respond to a notice regarding his duty to reimburse the Division, the obligor may seek relief from the order under NRCP 60(b)). Additionally, because the child support action was closed when appellant filed his request, to the extent appellant was attempting to file a new action to determine paternity, such an action would be improper because paternity had already been established and because it would be time barred as he filed it after the child had turned 21. *See* NRS 126.081 (explaining that an action to determine paternity is barred three years after the child reaches the age of majority). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Eighth Judicial District Court, Family Court Division, Dept. B
       John Allen Lanoue
       Clark County District Attorney/Family Support Division
       Eighth District Court Clerk